**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PRIME HEALTHCARE SERVICES, INC., a Delaware corporation,<br><br>          Plaintiff - Appellant,<br><br>     v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, UNITED HEALTHCARE WORKERS-WEST, a Labor Union; et al.,<br><br>          Defendants - Appellees. | No. 13-57185<br><br>D.C. No. 3:11-cv-02652-GPC-RBB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted February 4, 2016
Pasadena, California

Before: CALLAHAN and N.R. SMITH, Circuit Judges and RAKOFF,[**] Senior District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Prime Healthcare Services, Inc. ("Prime") appeals the district court's Rules 12(b)(6) and 41(b) dismissals of its federal antitrust lawsuit against the Defendants, Kaiser Permanente, Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Southern California Permanente Medical Group, Inc. (collectively, "Kaiser"); and Service Employees International Union and United Healthcare Workers-West. We have jurisdiction under 28 U.S.C. § 1291 and affirm the court's Rule 12(b)(6) ruling. We reach this conclusion having assumed, without deciding, that the district court abused its discretion in dismissing the action under Rule 41(b).

We review the district court's 12(b)(6) ruling de novo: "all facts are taken from the complaint and construed in the light most favorable to the non-moving party." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014). In its First Amended Complaint ("FAC"), Prime alleges that under the guise of the collective bargaining process and a labor-management agreement, the Defendants conspired to eliminate competing non-unionized hospitals, including Prime, in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. Under Rule 8(a)(2), a section 1 claimant

> must plead not just ultimate facts (such as a conspiracy), but evidentiary facts which, if true, will prove: (1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the

2

persons or entities intended to harm or restrain trade or commerce among the several States, or with foreign nations; (3) which actually injures competition.

*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "No antitrust violation occurs unless the exclusive agreement is intended to or actually does harm competition in the relevant market." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 735 (9th Cir. 1987). "Ordinarily, the factual support needed to show injury to competition must include proof of the relevant geographic and product markets and demonstration of the restraint's anticompetitive effects within those markets." *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 508 (9th Cir. 1989) (citing *Thurman Indus., Inc. v. Pay 'N Pak Stores, Inc.*, 875 F.2d 1369 (9th Cir. 1989)).

Prime's section 1 claim fails because it does not sufficiently plead facts showing that the Defendants harmed competition in the acute care emergency hospital services market. Beyond conclusory statements, Prime never alleges that any competitors have exited the market or reduced their production because of the Defendants' actions. Nor does it allege that the Defendants' actions actually caused health care consumers to face higher prices or a reduction in quality of care, quantity of services, or overall choice of providers. Conclusory "allegations that

an agreement has the effect of reducing consumers' choices or increasing prices to consumers do[] not sufficiently allege an injury to competition. Both effects are fully consistent with a free, competitive market." *Brantley v. NBC Universal, Inc.*, 675 F.3d 1192, 1202 (9th Cir. 2012). The district court did not err in dismissing Prime's section 1 claim on these grounds.

The district court likewise did not err in dismissing Prime's claims against Kaiser under Section 2 of the Sherman Act. Prime alleges that Kaiser monopolized, attempted to monopolize, and conspired to monopolize the acute care emergency hospital services market in similar geographies. To prevail under any of these theories, a section 2 claimant must show possession of monopoly power in the relevant market. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475, 1477 (9th Cir. 1997) (elements of monopolization and attempted monopolization), *aff'd sub nom. Humana Inc. v. Forsyth*, 525 U.S. 299 (1999), and *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012); *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1158 (9th Cir. 2003) (elements of conspiracy to monopolize). Monopoly power is "the power to control prices or exclude competition." *Forsyth*, 114 F.3d at 1475 (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 571 (1966)).

The FAC does not contain direct or circumstantial evidence of Kaiser's alleged monopoly power. It alleges that (1) the relevant hospital market includes at least 125 hospitals, (2) Kaiser owns 15 of those hospitals, and (3) Prime owns 11 hospitals. Kaiser's ownership of 12% of the hospital market is simply not sufficient to show market dominance. *Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421, 1438 (9th Cir. 1995) ("[N]umerous cases hold that a market share of less than 50 percent is presumptively insufficient to establish market power." (citing cases)). Although Prime claims that Kaiser "is affiliated with at least ten hospitals, and otherwise contracts with over 100 [others]," these allegations, by themselves, do not demonstrate that Kaiser exercises power to control prices or exclude competition at these institutions.

**AFFIRMED.**